UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOUHA FAMILY, LLC, *et al.*,

        Plaintiffs,

v.                                        Civil Action No.  12-11975
                                          Honorable Gershwin A. Drain

K & M PARTY STOR, LLC, *et al.*,

        Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [#43], CANCELLING SEPTEMBER 26, 2013 HEARING AND SETTING TRIAL DATE**

**I.    INTRODUCTION**

Presently before the Court is the Plaintiffs' Motion for Summary Disposition, filed on March 8, 2013. This matter is fully briefed and a review of the parties' submissions demonstrates that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the motion on the briefs submitted and cancels the September 26, 2013 hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies Plaintiffs' Motion for Summary Judgment.

**II.    FACTUAL BACKGROUND**

In October of 2010, Plaintiff, Nouha Family, LLC ("Nouha") entered into a Purchase Agreement for the purchase of real property known as the Midpoint Market and Deli in Hemlock, Michigan from K & M Real Estate Ventures, LLC. The Agreement also provided for the sale of the business known as the Midpoint Market and Deli to Nouha by Defendant, K & M Party Stor, LLC ("K & M"). The Purchase Agreement requires sale of real property by Land Contract and was signed by Plaintiff, Nouha Salamey, as President of Nouha and Defendant Kevin Lange, on behalf

-1-

of the K & M entities on November 8, 2010. The parties also signed a Promissory Note for the purchase of the store's non-alcoholic inventory, a memorandum of sale regarding the business itself, and an exclusive participating management agreement which allowed Plaintiffs to conduct sales of alcoholic beverages under the Defendants' liquor licenses.

The Francisco Group, Francisco Realty, LLC was the real estate agent in the transaction. According to Plaintiffs, they were never informed that the subject property had a mortgage lien because the Langes owed money to the store's former owners, the Wenzels. However, Gerald Francisco testified at his deposition that Plaintiffs were informed that the Langes had a mortgage lien with the Wenzels prior to the closing of the subject transaction.

In March of 2011, Plaintiffs claim they received a telephone call from an unknown attorney for an unknown party claiming to hold a mortgage lien against the subject property. The unknown attorney allegedly instructed Plaintiffs to stop payments to the Langes/K & M and make all future payments to the mortgage lien holder.

Defendants claim that from the onset there were a variety of problems regarding Plaintiffs' operation of the store, including among other issues, Plaintiffs failure to make payments due and owing to Defendants pursuant to the parties' agreements. Conversely, Plaintiffs claim that Defendants breached the parties' agreements by delaying the transfer of the liquor license. Plaintiffs contend that Defendants' obstructionist acts were the result of their prejudice against individuals, such as Plaintiffs, who are of Arab origin and who practice Islam.

On November 23, 2011, Plaintiffs were in default as to payments due and owing under the subject agreements. They retained counsel, who advised Defendants that Plaintiffs would no longer be making any payments. On January 11, 2012, Defendants served a Notice of Termination of

Participating Management Agreement due to Plaintiffs' multiple breaches of the parties' agreements. Due to the termination of the management agreement, Plaintiffs were no longer authorized to operate under the Defendants' various liquor licenses.

On January 12, 2012, the Langes, along with Chief Robert Dalton of the Richland Township Police Department, went to the store to once again serve the Notice of Termination and to obtain the keys to the store. Plaintiffs maintain that during this incident, customers and employees were forcibly removed from the premises. They further argue that Plaintiff Joseph Salamey was threatened and forced to leave the premises without having an opportunity to collect his personal belongings. However, Defendants have presented evidence that directly contradicts Plaintiffs' version of the events that took place on January 12, 2012. Specifically, Defendants' evidence tends to show that there was no force, violence or threats directed at anyone, including Nouha Salamey. *See* Defs.' Resp., Ex. 10. Further, the evidence suggests that Salamey was given an opportunity to collect his personal belongings.

### III.   LAW & ANALYSIS

####    A.   Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of*

*Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

    **B.**    **Plaintiffs' Motion for Summary Disposition**

Here, the Court concludes that there are multiple factual disputes precluding summary judgment on Plaintiffs' claims for forcible entry and detainer, MICH. COMP. LAWS § 600.5711, conversion of property, and false statements on federal tax forms.

Under § 600.5711, "[a] person may not make any entry into or upon premises unless the entry is permitted by law. If entry is permitted by law, he shall not enter with force but only in a peaceable manner." MICH. COMP. LAWS § 600.5711. Here, there are clearly questions of fact as to whether Defendants lawfully entered the premises, as well as whether force was used in contravention of the Michigan statute.

"The tort of conversion is defined as 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.'" *Head v. Phillips Camper Sales & Rentals, Inc.*, 234 Mich. App. 94, 111; 593 N.W.2d 595 (1999). Similar to Plaintiffs' claim for forcible entry and unlawful detainer, Plaintiffs' conversion claim cannot be resolved at the summary judgment stage because there are unresolved, material factual disputes concerning this claim. It is not clear from the evidence presented that Defendants wrongfully exerted domain over Plaintiffs' property inconsistent with Plaintiffs' rights. Defendants argue that Plaintiffs' breached the parties' exclusive participating management agreement entitling Defendants to terminate the agreement under its plain terms. Further, there is a dispute as to whether Salamey obtained his personal belongings from the store. Thus, Plaintiffs are not entitled to summary judgment on their conversion claim.

Lastly, as to Plaintiffs' claim that the Langes made false statements on a 1099 Form, which was prepared based on the actual cash register receipts from the store. Defendant Annette Lange has provided deposition testimony that the figures she included on the 1099 Form were accurate and

were not falsified. Therefore, there is a material question of fact precluding entry of summary judgment on this claim.

## IV. CONCLUSION

Accordingly, based on the foregoing, Plaintiffs' Motion for Summary Judgment [#43] is DENIED. Additionally, the following dates shall govern in this matter:

| | |
|---|---|
| Final Pretrial Order due: | October 15, 2013 |
| Final Pretrial Conference: | October 22, 2013 at 10:00 a.m. |
| Trial: | November 5, 2013 at 9:00 a.m. |

SO ORDERED.

Dated: September 23, 2013  /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE